# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

ZOUMANA BAKAYOKO,            )
                             )
        Plaintiff,           )
                             )
    v.                       )        1:14CV993
                             )
PANERA BREAD,                )
                             )
        Defendant.           )
                             )

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant's Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted ("Motion to Compel"). (Docket Entry 20.) For the reasons that follow, the Court will grant in part Defendant's Motion to Compel.

## BACKGROUND

Plaintiff's pro se Complaint alleges racial and national origin discrimination and retaliation by Defendant, his former employer, in violation of Title VII. (Docket Entry 3 at 3-4.) At the Initial Pretrial Conference, the Parties agreed to a discovery deadline of August 31, 2015. (Text Order dated Mar. 30, 2015 (adopting Docket Entry 16, except as to expert disclosure deadlines).)

On May 15, 2015, Defendant served on Plaintiff its First Set of Interrogatories and First Request for Production of Documents, as well as its First Set of Requests for Admission. (Docket Entry

20 at 1; see also Docket Entry 21-1 (interrogatories and request for production of documents); Docket Entry 21-2 (requests for admission).) Defendant received Plaintiff's interrogatory responses on May 27, 2015, but did not receive any responses to its request for production or requests for admission. (Docket Entry 21 at 1-2; see also Docket Entry 21-3.) Thereafter, Defendant sent Plaintiff a letter dated July 22, 2015, demanding that Plaintiff respond to Defendant's outstanding discovery requests by July 30, 2015, and offering to discuss the matter with Plaintiff via telephone on July 29, 2015. (Docket Entry 21-4.) Plaintiff did not respond to the letter, call Defendant to discuss the matter, or provide Defendant with further discovery responses. (Docket Entry 21 at 2-3.)

Defendant filed its Motion to Compel on August 3, 2015. (Docket Entry 20.) As of the date of this Order, Plaintiff has not responded. (See Docket Entries dated Aug. 3, 2015, to present.)[1] On August 28, 2015, Defendant filed a Memorandum in Further Support of Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted. (Docket Entry 22).[2]

---

[1] Under this Court's Local Rule 7.3(f), Plaintiff had 21 days to file a response. Plaintiff's failure to file a response to Defendant's Motion to Compel constitutes "a waiver of the right . . . to file such brief or response." M.D.N.C. LR7.3(k). Accordingly, Defendant's "[M]otion [to Compel] will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice." Id.

[2] The Court's Local Rule 7.3(h) provides that "[a] reply brief may be filed . . . after service of the response" and "is limited to discussion of matters newly raised in the response." M.D.N.C. LR7.3(h). Plaintiff filed no response
(continued...)

2

**DISCUSSION**

"The purpose of discovery is to provide a mechanism for making relevant information available to the litigants." Fed. R. Civ. P. 26 advisory committee's note, 1983 amend. Under the Federal Rules of Civil Procedure, "[u]nless otherwise limited by court order, . . . [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id.; see also Elkins v. Broome, Civ. Action No. 1:02-305, 2004 WL 3249257, at *2 (M.D.N.C. Jan. 12, 2004) (unpublished) ("[R]elevancy at discovery is a far different matter from relevancy at trial. At discovery, relevancy is more properly considered synonymous with 'germane,' as opposed to competency or admissibility."); Flora v. Hamilton, 81 F.R.D. 576, 578 (M.D.N.C. 1978) ("It is clear that what is relevant in discovery is different from what is relevant at trial, in that the concept at the discovery stage is much broader."). "In applying the foregoing principles, district judges and magistrate judges in the Fourth Circuit (including members of this Court) have repeatedly ruled that the party or person resisting discovery, not the party moving to compel discovery,

---

(...continued)
to Defendant's Motion to Compel, and the Court, therefore, will not consider Defendant's Memorandum in Further Support.

3

bears the burden of persuasion." Hughes v. Research Triangle Inst., No. 1:11CV546, 2014 WL 4384078, at *2 (M.D.N.C. Sept. 3, 2014) (unpublished) (citing Kinetic Concepts, Inc. v. ConvaTec Inc., 268 F.R.D. 226, 243–44 (M.D.N.C. 2010)).

## A. Request for Production of Documents

The Federal Rules of Civil Procedure provide that "[a] party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample [designated documents or electronically stored information] in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). The receiving party must respond in writing either agreeing to the request or providing reasons for objection. Fed. R. Civ. P. 34(b)(2)(A)-(B). To ensure compliance with these discovery obligations, "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection . . . [if] a party fails to . . . respond that inspection will be permitted . . . as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B).

Defendant contends that Plaintiff has not produced any documents responsive to Defendant's request for production. (See Docket Entry 21 at 1.) As noted in the Background, Plaintiff has neither contested that contention nor provided an excuse for his failure to produce responsive documents. Further, the Court's review of the document requests reveals no obvious basis to deem

4

them improper. Plaintiff must, therefore, produce the requested documents.

## B. Requests for Admission

The Federal Rules of Civil Procedure permit

> [a] party [to] serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to:
>
> > (A) facts, the application of law to fact, or opinions about either; and
> >
> > (B) the genuineness of any described documents.

Fed. R. Civ. P. 36(a). Under the Rules, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party." Fed. R. Civ. P. 36(a)(3).

Here, the record shows that Defendant served its First Set of Requests for Admission on May 15, 2015. (Docket Entry 20 at 1; see also Docket Entry 21-2 (requests for admissions).) According to Defendant, Plaintiff did not respond to the requests for admission within the 30-day time period mandated by Federal Rule of Civil Procedure 36(a)(3). (Docket Entry 21 at 2.) Because Plaintiff has not objected to Defendant's First Set of Requests for Admission, served Defendant with a written answer, or requested an extension of time in which to respond, by operation of Rule 36(a)(3), the First Set of Requests for Admission are admitted. See Whiting v. Weslowski, 200 F.R.D. 263, 265 (E.D.N.C. 2000) (granting the

5

defendants' Motion Requesting that their First Set of Admissions be Deemed Admitted where pro se plaintiff failed to respond); see also Cotton v. Evanston Ins. Co., 1:09-CV-504, 2011 WL 6663609, at *2 (M.D.N.C. Dec. 21, 2011) (unpublished) ("[U]nder Fed. R. Civ. P. 36(a)(3), [the pro se] [p]laintiff's failure to respond to [the] [d]efendant's Requests for Admissions in a timely fashion has resulted in the de facto admission of the facts contained therein."); Reels v. Nationwide Mut. Ins. Co., 4:07-CV-191, 2009 WL 1438188, at *1 (E.D.N.C. May 20, 2009) (unpublished) ("In light of [the pro se] plaintiff's unexplained failure to respond to [the defendant's] requests for admissions, the requests are deemed admitted.").

**C. Expense Shifting/Sanctions**

Defendant seeks expense-shifting under Federal Rule of Civil Procedure 37(d), based on Plaintiff's failure to respond to Defendant's document requests. (See Docket Entry 21 at 5-6.) That Rule provides that, upon motion, the Court may impose sanctions for a failure to serve answers, objections, or written responses to requests for production. Fed. R. Civ. P. 37(d)(1)(A)(ii). Such motions "must include a certification that the movant has in good faith conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without [C]ourt action." Fed. R. Civ. P. 37(d)(1)(B). Among other sanctions available, "the [C]ourt must require the party failing to act

6

. . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

Defendant also seeks expense-shifting under Federal Rule of Civil Procedure 37(c)(2), based on Plaintiff's failure to respond to Defendant's admission requests. (See Docket Entry 21 at 6-7.) That Rule provides that where

> a party fails to admit what is requested . . . and . . . the requesting party later proves a document to be genuine or the matter true, [and] the requesting party [moves] that the party who failed to admit pay the reasonable expenses, including attorney's fees, incurred in making that proof. The [C]ourt must so order unless:
>
> (A) the request was held objectionable under Rule 36(a);
>
> (B) the admission sought was of no substantial importance;
>
> (C) the party failing to admit had a reasonable ground to believe that it might prevail on the matter; or
>
> (D) there was other good reason for the failure to admit.

Fed. R. Civ. P. 37(c)(2).

With regard to Defendant's requests for production, Defendant's July 22, 2015 letter shows that Defendant attempted in good faith to confer with Plaintiff in an effort to obtain responses before filing the instant Motion to Compel. (Docket Entry 21-4; Docket Entry 20 at ¶ 5.) Plaintiff has not answered, objected to, or responded to Defendant's request for production. By failing to respond to the instant Motion to Compel, Plaintiff

7

has forfeited any claim that a substantial justification excused the refusal to respond to Defendant's request for production or that any other circumstances make an award of expenses unjust. See M.D.N.C. LR7.3(f) and (k); see also Garity v. Donahoe, No. 2:11CV01805, 2014 WL 1168913, at *6 (D. Nev. Mar. 21, 2014) (unpublished) ("Indeed, a litigant's pro se status does not relieve [him] of obligations to comply with discovery rules."); Hughes, 2014 WL 4384078, *5 (ordering pro se plaintiff to pay defendant's attorney's fees and costs incurred in making its motion to compel). Plaintiff must, therefore, pay Defendant's reasonable expenses, including attorney's fees, incurred in moving to compel responses to the request for production.

Turning to Defendant's request for an award of expenses for Plaintiff's failure to respond to Defendant's requests for admission, the Court does not find such relief appropriate. As noted above, Defendant's requests for admission are admitted due to Plaintiff's failure to timely respond. See Fed. R. Civ. P. 36(a)(3). Accordingly, Plaintiff has not denied a request to admit matters as required for an award of expenses. See Fed. R. Civ. P. 37(c)(2); see also Fed. R. Civ. P. 36(a)(6) (allowing award of expenses, including attorney's fees, for party's insufficient answer or objection, but not for party's failure to answer).

8

## CONCLUSION

Defendant has established grounds for relief under Federal Rule of Civil Procedure 37.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Compel (Docket Entry 20) is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiff must respond to Defendant's First Request for Production of Documents on or before October 1, 2015. Failure to comply with this Order may result in the dismissal of this action.

**IT IS FURTHER ORDERED** that, by operation of Federal Rule of Civil Procedure 36(a)(3), Defendant's First Set of Requests for Admission are **ADMITTED.**

**IT IS FURTHER ORDERED** that, on or before October 1, 2015, Defendant shall serve Plaintiff with a statement setting out the reasonable expenses, including attorney's fees, Defendant incurred in making the Motion to Compel, excluding all expenses related to Defendant's Memorandum in Further Support of Motion to Compel Discovery Responses and to Deem Requests for Admission Admitted (Docket Entry 22), reduced by 50% for each line item to account for the fact that the Court has ordered expense-shifting only as to the failure to respond to document requests and not for the failure to respond to admission requests. Failure by Defendant to comply with this Order will result in denial of any expense-shifting.

9

**IT IS FURTHER ORDERED** that, if Defendant timely serves such a statement of reasonable expenses, Plaintiff shall file, on or before October 15, 2015, either: 1) a Notice indicating his agreement to pay the claimed expenses; or 2) a Memorandum of no more than five pages explaining why he contests the reasonableness of the claimed expenses, along with a certification that he attempted in good faith to resolve any disagreement over the reasonableness of the claimed expenses with Defendant. Failure by Plaintiff to comply with this Order will result in the Court ordering, upon the filing of a Notice by Defendant of its reasonable expenses as contained in the statement it served upon Plaintiff, the payment of such expenses by Plaintiff.

**IT IS FURTHER ORDERED** that, on or before October 22, 2015, Defendant shall file a Response of no more than five pages to any Memorandum timely filed by Plaintiff contesting the reasonableness of the claimed expenses. Failure by Defendant to comply with this Order will result in denial of any expenses contested by Plaintiff as unreasonable.

**IT IS FURTHER ORDERED** that, on or before October 29, 2015, Plaintiff may file a Reply of no more than three pages to any Response timely filed by Defendant regarding the reasonableness of the claimed expenses.

**IT IS FURTHER ORDERED** that, upon completion of the foregoing briefing or the time period for such briefing, the Clerk shall

refer this matter back to the undersigned Magistrate Judge for further action.

                                     /s/ L. Patrick Auld
                                   **L. Patrick Auld**
                             **United States Magistrate Judge**

September 17, 2015