IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
ZOUMANA BAKAYOKO,            )
                             )
        Plaintiff,           )
                             )
   v.                        )     1:14CV993
                             )
PANERA BREAD,                )
                             )
        Defendant.           )
                             )
```

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge on Defendant's Motion to Dismiss for Failure to Comply with Court's Order and Failure to Prosecute (the "Motion") (Docket Entry 25). (See Docket Entry dated Oct. 30, 2015.) For the reasons that follow, the Court should grant Defendant's Motion.

Defendant's Motion arises out of pro se Plaintiff's failure to comply with this Court's September 17, 2015 order (the "Production Order") (Docket Entry 24) granting in part Defendant's Motion to Compel Discovery Responses and Deem Requests for Admissions Admitted (the "Motion to Compel"). The Production Order instructed Plaintiff to respond to Defendant's Requests for Production by October 1, 2015, and warned that "[f]ailure to comply with this Order may result in the dismissal of this action." (Id. at 9.) Although Plaintiff served responses by the October 1, 2015 deadline, Plaintiff did not include materials that he admits are in his possession and responsive to Requests for Production numbers 1-5, 7-9, 11-12, and 20-25. (Docket Entry 26 at 2; see Docket

Entry 25-1.) When Defendant contacted Plaintiff by e-mail to demand such documents, Plaintiff (through an e-mail response sent by his daughter) stated that "way before the discovery responses started [Plaintiff] had already sent all the copies of the documentation so [Plaintiff] doesn't understand why he has to send in some more." (Docket Entry 25-2 at 1.) Plaintiff again refused to produce the requested documents in his response to the Motion. (Docket Entry 30 at 1 ("I have the right to not give up the documents.").)

The Production Order also awarded Defendant expenses that it incurred in bringing the Motion to Compel. (Docket Entry 24 at 9-10.) After giving Plaintiff an opportunity to address the reasonableness of the expenses claimed, the Court (per the undersigned Magistrate Judge) ordered Plaintiff to pay Defendant $1,171.50. (Text Order dated Oct. 20, 2015 (the "Text Order").) To date, Plaintiff has not paid as ordered; instead, he has stated that he "will not be paying that [$1,171.50]." (Docket Entry 29 at 1; Docket Entry 30 at 1.) Accordingly, the Court should dismiss this action for Plaintiff's failure to comply with the Production Order and Text Order.

In making this recommendation, the undersigned recognizes that "dismissal is not a sanction to be invoked lightly." Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989). Nonetheless, "[t]he Federal Rules of Civil Procedure recognize that courts must have

2

the authority to control litigation before them, and this authority includes the power to order dismissal of an action for failure to comply with court orders." Id. (citing Fed. R. Civ. P. 41(b)). In assessing whether dismissal is appropriate, courts should consider: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant; (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction less drastic than dismissal." Id. Application of the facts of this case to these factors confirms that dismissal represents the only plausible course of action here.

First, Plaintiff proceeds pro se, and therefore, bears sole responsibility for his failure to respond to Defendant's discovery requests and to pay Defendant's court-awarded expenses. See Craft v. Astrue, No. 1:10CV9, 2012 WL 6569021, at *1 (M.D.N.C. Dec. 17, 2012) (unpublished) ("Pro se litigants are not held to the same high standards as attorneys. Pro se litigants must, however, meet certain standards, including 'respect for court orders without which effective judicial administration would be impossible.'" (internal citations omitted) (quoting Ballard, 882 F.2d at 96)). Second, Plaintiff's failure to respond to Defendant's discovery requests has significantly prejudiced Defendant's ability to prepare for trial. "[O]ne important purpose of discovery is to disclose all relevant and material evidence before trial in order that the trial may be an effective method for arriving at the truth

3

and not 'a battle of wits between counsel.'" <u>Guilford Nat'l Bank of Greensboro v. Southern Ry. Co.</u>, 297 F.2d 921, 924 (4th Cir. 1962) (quoting <u>Hickman v. Taylor</u>, 329 U.S. 495, 516 (1947) (Jackson, J., concurring)). By withholding documents responsive to Defendant's Requests for Production, Plaintiff would have Defendant proceed to trial without full knowledge of Plaintiff's claims and the facts supporting those claims.

Third, Plaintiff has continually refused to respond to Defendant's discovery requests and to obey court orders. Plaintiff's history of obstructive conduct began as early as May 2015 when Plaintiff refused to respond to Defendant's First Request for Production of Documents and First Set of Requests for Admission. (Docket Entry 20 at 1; <u>see</u> Docket Entry 21-1.) Defendant wrote Plaintiff demanding responses. (Docket Entry 21-4.) Plaintiff did not reply to Defendant's letter or provide discovery responses. (<u>See</u> Docket Entry 21 at 2-3.) Now, Plaintiff has ignored the Court's Production Order and Text Order, by refusing to produce responsive documents and to pay Defendant the awarded expenses. (<u>See e.g.</u>, Docket Entry 30 at 1-2.)

Fourth, given Plaintiff's lack of compliance over a significant period of time, any lesser sanctions would not suffice. Indeed, the Production Order expressly warned Plaintiff that his failure to comply with the Production Order could result in the dismissal of his case. (Docket Entry 24 at 9 ("Failure to comply

4

with this Order may result in the dismissal of this action.").) "In view of the warning, the [Court] ha[s] little alternative to dismissal. Any other course would have [the effect of] plac[ing] the credibility of the [C]ourt in doubt and invit[ing] abuse." Ballard, 882 F.2d at 96.

For these reasons, the Court should dismiss this action pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS THEREFORE RECOMMENDED** that Defendant's Motion to Dismiss for Failure to Comply with Court's Order and Failure to Prosecute (Docket Entry 25) be granted and this action be dismissed with prejudice.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

November  13 , 2015